IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.: 5:11-CV-341-H

| | | |
|---|---|---|
| GREGORY FLYNT TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| PETER DUANE DEAVER, | ) | |
| *in his individual and official capacities*, | ) | |
| JOSEPH S. TAUB, *in his individual and* | ) | |
| *official capacities*, MARK NELSON, | ) | |
| *in his individual capacity*, RALPH | ) | |
| KEATON, *in his individual capacity*, and | ) | |
| HAROLD ELLIOTT, *in his individual* | ) | |
| *capacity*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the motion of Plaintiff, Gregory Flynt Taylor, to obtain certain records from the North Carolina Department of Correction [DE-37]. Defendants filed no response, but Plaintiff's motion indicated that Defendants objected to the relief sought. On November 21, 2011, the undersigned conducted a telephonic hearing on the motion, and the matter is now ripe for decision.

Plaintiff seeks a copy of his North Carolina Department of Correction records (DOC No. 0400251), including all Medical Records, Mental Health Records, Substance Abuse Records, Probation and Parole Records, Education Records, and Records of Plaintiff's Prison History contained in his Combined Records Jacket maintained by the Department of Correction. Plaintiff's counsel believe that there may be information in these records that may be helpful in their evaluation and pursuit of certain claims arising from his conviction and incarceration.

Defendants expressed concern regarding copy costs, which Plaintiff agreed to cover, and that the records be produced simultaneously to Plaintiff and Defendants. During the telephonic hearing, both parties agreed that Plaintiff would produce a privilege log for any documents produced subject to this Order and withheld from Defendants in discovery, which resolved the simultaneous disclosure issue.

The records of prisoners in the custody of the Department of Correction are generally confidential and are not subject to inspection by the public or an inmate. Goble v. Barnes, 13 N.C. App. 579, 186 S.E.2d 638, aff'd, 281 N.C. 307, 188 S.E.2d 347 (1972). However, the Department of Correction may release prison records pursuant to court order issued upon good cause shown. The Court finds that the requested records may contain information or lead to the discovery of evidence relevant to the claims asserted by Plaintiff and that there is good cause to order their release.

Accordingly, Plaintiff's motion is **GRANTED**, and it is **ORDERED** that, upon the following terms and conditions, the North Carolina Department of Correction shall release to Plaintiff's counsel, E. Spencer Parris and G. Christopher Olson, 410 Glenwood Avenue, Suite 200, Raleigh, North Carolina 27603, a complete copy of all records related to Plaintiff's incarceration, including all Medical Records, Mental Health Records, Substance Abuse Records, Probation and Parole Records, Education Records, and Records of Plaintiff's Prison History, with the following restrictions:

1. The Department of Correction may redact any portion of any record which might endanger the safety of any third persons or which may not be released for other good reason. If the Department of Correction should redact any portion of the record, it will advise counsel of

the nature of such redacted material so that counsel may seek a further Order from this Court if necessary.

2. Upon release of such records, Plaintiff's counsel may disclose said records to their staff, co-counsel, experts and/or opposing counsel, and may discuss the contents of the records with potential witnesses whose testimony may be affected by information contained in said records.

3. All persons who have access to said records shall maintain the confidentiality of those records, and shall endeavor in good faith not to make any unnecessary or inadvertent disclosure of any confidential matter contained in said records.

4. If filed with the Court, the documents produced pursuant to this Order shall be under seal, and shall remain under seal while in the Office of the Clerk of Court, except for in camera review.

5. The Department of Correction may charge a reasonable amount, as determined by the Secretary of Correction, for the cost of reproducing the documents produced pursuant to this Order.

6. Plaintiff shall produce a privilege log, in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, in the event any of the records produced subject to this Order are withheld from Defendants in discovery.

This the 21st day of November, 2011.

DAVID W. DANIEL
UNITED STATES MAGISTRATE JUDGE